CHARLES MOORE, Individually and as President of Compressed Air, etc., Local Union No. 147, et al., Respondents, *v.* JOSEPH V. MORESCHI, Individually and as President of International Hod Carriers', etc., Union, et al., Appellants.

Argued June 8, 1943; decided July 20, 1943.

*Edmond B. Butler, Raymond D. O'Connell* and *Edward T. Galloway* for appellants. The trial justice improperly substituted his judgment for the judgment of the trial board and the Appellate Division approved his act. (*Matter of Pratt* v. *Rudisule,* 249 App. Div. 305; *People ex rel. Johnson* v. *N. Y. Produce Exchange,* 149 N. Y. 401.) The trial court erred in

that, assuming that the trial board was biased and prejudiced in its decision, the court granted an injunction not only setting aside the conviction of the respondents and the revocation of the charter and the punishment imposed on the individual plaintiffs, but also enjoined and restrained any further prosecution of the respondents on the charges, the guilt of which was admitted and demonstrated beyond a doubt. The trial court erred in assuming, first, that it had the right to infer that Moreschi and Bove were biased and prejudiced against the plaintiffs, and in then proceeding to an inference upon this inference. (*People* v. *Scharf*, 217 N. Y. 204; *Corrigan* v. *Bobbs-Merrill Co.*, 228 N. Y. 58; *Ford* v. *McAdoo*, 231 N. Y. 155; *Weidman* v. *Ketcham*, 278 N. Y. 129; *Matter of Hayward*, 143 Misc. 401; *Polin* v. *Kaplan*, 257 N. Y. 277.) The court had no power to revoke the charter of Local 8 and erred in attempting so to do. (*Garfein* v. *McInnis*, 248 N. Y. 261; *Nilan* v. *Colleran*, 283 N. Y. 84.) The court erred in denying the motions to dismiss and for a nonsuit at the close of plaintiff's case when defendants other than Moreschi and the International rested, and finally at the conclusion of the whole case. The court assumed erroneously that he had the power, under section 211 of the Civil Practice Act, to use evidence introduced after defendants other than defendants Moreschi and the International had rested, against them. (*Wheatley* v. *Boyce*, 165 Misc. 512; *Simon* v. *Lowenthal*, 169 Misc. 718.) The court committed serious error in the admission of evidence and in the denial of the motion to strike out evidence improperly admitted. (*Smith* v. *Smith*, 79 N. Y. 634; *McLoughlin* v. *National Mohawk Valley Bank*, 139 N. Y. 514.) The judgment of the court below interfered with and violated the rights guaranteed by the Constitution of the United States and of this State. (*Polin* v. *Kaplan*, 257 N. Y. 277.) The court erred in failing to hold valid the defense of unclean hands. (*Miller* v. *Gallagher*, 176 Misc. 647.) The charges were amply sustained by the evidence before the trial board.

*Louis B. Boudin* and *Hyman N. Glickstein* for respondents. The International had no power under its Constitution to revoke the charter of Local 147. (*Pirics* v. *First Russian Society*, 83 N. J. Eq. 29.) The conviction on Charge 12 was concededly

illegal and void; and the conviction on the other charges was clearly a pretext to better enable the International to punish respondents for the offense charged as " Charge 12 ". (*Polin* v. *Kaplan,* 257 N. Y. 277; *St. Louis S. W. Ry. Co. of Texas* v. *Thompson,* 102 Tex. 89.) The trial board hatched the plot which culminated in the trial and judgment which are the basis of this suit. The proceedings before the trial board were not only unfair but farcical, and in defiance of law. (*Local No. 7* v. *Bowen,* 278 F. 271.) The judgment of the trial board was clearly void as a matter of law, aside from being unfair as a matter of fact. (*Shapiro* v. *Gehlman,* 244 App. Div. 238; *Gersh* v. *Ross,* 238 App. Div. 552; *Polin* v. *Kaplan,* 257 N. Y. 277.) The appellants other than Moreschi and International are properly included in the judgment because of their character as instruments of the International in carrying out the plot against Local 147. (*Wheatley* v. *Boyce,* 165 Misc. 512; *Simon* v. *Lowenthal,* 169 Misc. 718; Report of Judicial Council, 1938.) The claim that the court had no power to annul the charter of Local 8 is clearly untenable. (*Garfein* v. *McInnis,* 248 N. Y. 261.) The annulment of the charter of Local 8 was absolutely necessary for the protection of Local 147, as well as of the individual members thereof. (*United Cloak & Suit Designers Mut. Aid Assn.* v. *Sigman,* 218 App. Div. 367; *Master Horseshoers' Protective Assn.* v. *Quinlivan,* 83 App. Div. 459.) The United States Constitution and the doctrine of *res judicata* both support the judgment herein. (*Local No. 7 of Bricklayers', Masons' & Plasterers' International Union* v. *Bowen,* 278 Fed. 271; *Nilan* v. *Colleran,* 283 N. Y. 84; *Rodier* v. *Huddell,* 232 App. Div. 531; *Shapiro* v. *Gehlman,* 244 App. Div. 238.)

*Per Curiam.* There is evidence sufficient to sustain the finding that the decision of the trial board of the defendant International Union against the plaintiff Local 147 was unduly influenced by the defendant Moreschi. Hence that decision was validly annulled by the courts below.

There are provisions in the judgment which seem to us to be so broad as to surpass the limits of the power of the courts to intervene between a voluntary association and its members. If Local 147 and its members are to enjoy all rights and privileges of membership in the International Union, they must be subject

to any proceeding by the International Union affecting them, provided the International Union act in good faith and within the scope of its jurisdiction. The judgment should be modified by the addition of a direction that none of its provisions shall operate to deprive the International Union of its power so to act.

The judgments should be modified in accordance with this opinion and as so modified affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Judgment accordingly