CHARLES MOORE, Individually and as President of Compressed Air, etc., Local Union No. 147, et al., Plaintiffs, *v.* JOSEPH V. MORESCHI, Individually and as President of International Hod Carriers', etc., Union, et al., Defendants.

Supreme Court, Special Term, New York County, September 21, 1943.

*Boudin, Cohn & Glickstein* (*Hyman N. Glickstein* of counsel), for plaintiffs.

*O'Connell & Butler* (*Edmond B. Butler* of counsel), for defendants.

BOTEIN, J. Two proposed modified judgments on the remittitur from the Court of Appeals have been submitted on this motion. The judgment presented by the defendants embodies the precise language of the opinion of the Court of Appeals (291 N. Y. 81). The plaintiffs' proposed judgment departs from the wording of the opinion, in an endeavor to convey an unequivocal mandate that the charges upon which the plaintiffs were originally tried by the trial board of the International Union, and which were the subject matter of the trial at Special Term, should not form the basis of a second trial by the International Union. The defendants maintain that the direction, which the Court of Appeals ordered should be

added to the judgment, permits of such a retrial, upon the theory that neither the Court of Appeals nor the lower courts found that the Local and the plaintiffs had not violated various provisions of the constitutions of the Local and the International Union, and that the only holding was that the Local and its officers had not received a fair trial.

A reading of the opinion of the Court of Appeals, in conjunction with the opinion and findings of the Trial Justice (179 Misc. 475, affd. 265 App. Div. 989, mod. 291 N. Y. 81), permits of no construction other than that urged by the plaintiffs. The Trial Justice found, in effect, that the charges preferred by Moreschi were a pretext to cloak his illegal designs and, more specifically, that the practices of the Local referred to in the charges " were not considered of any importance or seriousness by the defendants " (Finding 105). That the Trial Justice held the charges to be spurious and inconsequential is confirmed by the second clause of subdivision (1) of the injunctive part of the judgment, which specifically enjoins the defendants from " suspending or interfering in any way with Local 147 in the exercise of its rights and powers as a local union in good standing of the International Union *by reason of any of the acts or matters involved in this action* " (emphasis supplied).

The modification by the Court of Appeals is intended to nullify any injunctive provisions of the judgment which would tend to grant immunity to the Local and its members from disciplinary proceedings for future infractions. The Court of Appeals' criticism of the judgment was that some of its provisions were " so broad as to surpass the limits of the power of the courts to intervene between a voluntary association and its members." The foregoing clause immediately precedes the direction to modify the judgment, and cannot be construed so as to dilute that portion of subdivision (1) of the judgment above quoted insofar as it relates to the charges brought by the International Union which were passed upon by the Trial Justice.

The wording of the modification as proposed by the plaintiffs does not further clarify or implement that which to this court is already clear. Accordingly, the judgment submitted by the defendants is signed.